## COHEN et al. v. BAKER et al.

(Circuit Court of Appeals, Seventh Circuit. May 19, 1926.)

No. 3686.

**1. Receivers ⊕137—Fact alone that a better price can be obtained is not ground for setting aside confirmation of sale.**

The fact that a better bid is obtainable after an order of confirmation has been entered is not ground for setting aside order confirming receiver's sale, unless the new bid demonstrates that the price fixed in the order of confirmation is so grossly inadequate as to shock the conscience of the court and raise a presumption of fraud.

**2. Receivers ⊕137.**

Evidence on application to set aside order confirming receiver's sale *held* insufficient to show fraud on part of successful bidders.

**3. Receivers ⊕137—Persons not offering to increase bid until bidder refused to take them in on deal held without standing to ask that order confirming sale be set aside.**

Persons who, on being informed by receiver that property had been sold, but that sale had not been confirmed, did not inform receiver of their willingness to pay more until successful bidder had refused their request that they be taken in on the deal, and sale had been confirmed, *held* without standing to ask that order of confirmation be set aside.

Appeal from the District Court of the United States for the District of Indiana.

Petition of Thaddeus R. Baker, receiver of the National Motor Car & Vehicle Corporation, and others to set aside order confirming a sale of property. From an order setting aside the order of confirmation, Joseph A. Cohen and another appeal. Reversed with directions.

James W. Noel, of Indianapolis, Ind., for appellants.

Martin M. Hugg, of Indianapolis, Ind., for appellees.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellee, as receiver of the National Motor Car & Vehicle Corporation, while liquidating the affairs of this insolvent corporation, solicited bids for the sale of a certain portion of the assets. After receiving three bids, he reported the highest one to the court, and recommended its acceptance. An order of confirmation followed. Shortly thereafter he discovered that a higher bid was obtainable.

The new bidders and the receiver thereupon petitioned the court to set aside the order of confirmation. The petition was granted, and this appeal resulted.

Affirmance of the decree is sought upon the ground that the confirmation of the sale was secured through fraud practiced by appellants, and the statement of facts will be made upon that hypothesis. The receiver, whose good-faith efforts are not questioned, obtained three bids for the sale of the property, one for $5,000 one for $6,000, and one for $6,500. He recommended the acceptance of the highest bid, which was made by appellants, and an order of confirmation was duly entered. The purchase money was paid and possession of the goods delivered to the purchaser.

The alleged fraud grows out of these facts: On the afternoon the sale was confirmed, which was about a week after the bid was made, the receiver was showing some other property of the insolvent corporation, which property he was desirous of selling, to Samuel Falendar and Isaac Marks, who, too, were in the junk business. While thus engaged, these prospective buyers saw the property for which appellants had made their bid, and inquired if it was for sale. The receiver replied "that it was practically sold; that his report to the court was prepared; that a bill of sale was ready for the approval of the court. * * * I think it is too late; I think it is; I think the matter is closed."

Falendar and Marks made no bid for the property, and indicated to the receiver no further interest. The same afternoon, appellants called the receiver and requested him to have the sale confirmed. The receiver replied that the judge was still "holding court in Terre Haute," and appellant informed him that the judge had just returned and was in his chambers. Cohen then added, "I would like to get it settled." Whereupon the receiver presented his report and the order of confirmation was entered. That evening the bill of sale was delivered.

This represents the sum total of the alleged fraud and deception practiced by the appellant Cohen upon the receiver. Respecting the alleged efforts on the part of Cohen to keep Falendar and Marks from bidding, there is a slight dispute in the testimony. Falendar testified that, after he had been advised by the receiver that the property had been sold to Cohen, but the sale had not been confirmed, he went to a telephone and called up Cohen, and asked if he would not take him in on that deal, to which Cohen replied that he did not know; that he had some other parties interested. Whereupon Falendar told Cohen "he would put in a bid if Cohen didn't let him know within the next 30 minutes or so."

Cohen testified that it was not until after the sale was confirmed that Falendar called him up and "inquired if he would take him in as a partner on said deal," to which Cohen replied that he had purchased the property and would not take him in as a partner. Thereupon Falendar told Cohen that, unless he did so, he would undertake to upset the sale, and would go to the judge and increase the price. Thereupon Cohen told him he would not be intimidated by said threats. Not being able to coerce Cohen, Falendar, after the sale was confirmed, appealed to the court and stated he would bid $8,000 for the property.

[1] The fact that a better bid is obtainable after an order of confirmation has been entered is no ground for setting the sale aside, unless the new bid demonstrates the price fixed in the order of confirmation is so grossly inadequate as to shock the conscience of the court and raise a presumption of fraud. Graffam v. Burgess, 117 U. S. 180, 6 S. Ct. 686, 29 L. Ed. 839; Pewabic Mining Co. v. Mason, 145 U. S. 349, 367, 12 S. Ct. 887, 36 L. Ed. 732; 16 R. C. L. 100.

[2] Nor do we find in these transactions anything that would justify the conclusion that Cohen practiced fraud upon the receiver. Viewing the testimony most favorable to Falendar, nothing was disclosed which indicated a duty on the part of Cohen to advise the receiver that Falendar might be a bidder for the property.

[3] As to Falendar and Marks, they have no standing in court. Their conduct was reprehensible; they were not prompted by worthy motives. Their action was marked by a total absence of good business ethics. If they wished to bid, they should have advised the receiver, knowing, as they did, that the sale had not been confirmed. The court will not extend its support to any such methods.

The decree is reversed, with directions to dismiss the application to set aside the order of confirmation.